IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SILKE BROUSSARD, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF LIAM BROWN, | § | |
| DECEASED, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. 3:19-cv-01342-K |
| | § | |
| V. | § | |
| | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| D/B/A B.G. GOODRICH COMPANY, | § | |
| | § | |
| DEFENDANT. | § | |

## MICHELIN NORTH AMERICA, INC.'S PARTIAL MOTION TO DISMISS AND SUBJECT THERETO AND WITHOUT WAIVER OF SAME, ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, STATEMENT OF AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

COMES NOW Michelin North America, Inc. ("MNA") and submits its Motion to Dismiss for Lack of Personal Jurisdiction and, Subject Thereto and Without Waiver of Same, Answer to Plaintiffs' Original Complaint, Statement of Affirmative Defenses and Reliance on Jury Demand:

## MOTION TO DISMISS

Pursuant to Federal Rule Civil Procedure 12(b)(2), MNA moves the Court to dismiss this action because this Court has no jurisdiction over the person or property of MNA and MNA is not amenable to process issued by the courts of this State with respect to the claims asserted by plaintiff.

A.    <u>Introduction</u>

Plaintiff Silke Broussard ("Plaintiff") has brought suit against MNA in Texas asserting negligence and product-liability claims based on a motor vehicle accident on July 5, 2018. Plaintiff's son was allegedly a passenger in a 1999 Ford F250 operated by her fiancé, Ervin Eugene Sheppard, Jr.  [Complaint ¶ 3.01.)  Plaintiff alleges that the subject vehicle was equipped with a tire designed and manufactured by MNA which failed and caused the subject accident.  *Id.* Plaintiff is a Colorado resident and the accident occurred in Hale County, Texas.  *Id.*  Plaintiff alleges that her son died as a result of the accident and seeks damages for wrongful death.  *Id.*

This motion, however, is not about the merits of Plaintiff's case, but whether it may be heard in Texas. The law of general personal jurisdiction has shifted. In 2014, the United States Supreme Court in *Daimler AG v. Bauman[1]*, reaffirmed its holding in *Goodyear Dunlop Tires Operations, S.A. v. Brown*,[2] that a corporation is no longer "at home" in a jurisdiction merely because its products are sold there. Rather, corporations generally are subject to general jurisdiction in only two states – their state of incorporation and the state of their principal place of business. Here, MNA is a New York corporation with its principal place of business in South Carolina. *See Affidavit of Michael Wischhusen ¶  3*, attached hereto as Exhibit A.  While MNA has not yet had an opportunity to inspect the subject tire, based on Plaintiff's description of the subject tire, it appears clear that MNA did not design or manufacture the subject tire in Texas. Wischhusen Aff. ¶ 7. Therefore, there is no connection between MNA and Texas relating to the subject crash or Plaintiff's claims. MNA's unrelated activities in Texas are not a sufficient basis

---

[1] *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).
[2] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).

4694093

to confer specific personal jurisdiction. Accordingly, MNA should be dismissed due to lack of personal jurisdiction.

B.    Legal Standard

A federal court sitting in diversity may exercise "jurisdiction over a nonresident defendant to the same extent" as a forum state court."[3] A Texas state court may exercise jurisdiction over a non-resident if: (1) the nonresident is amenable to service of process under Texas's long-arm statute; and (2) asserting jurisdiction over the nonresident comports with the Constitution's Due Process Clause.[4] Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible.[5] To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contracts" with that state such that it should reasonably anticipate being hauled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice.[6]

The "minimum contacts" test can be met by contacts giving rise to either specific or general jurisdiction.  Specific jurisdiction requires that the corporate defendant have not only continuous and systematic contacts with the forum, *but also that such activities in the forum give rise to the liabilities sued on in the subject litigation*.[7]  In other words, specific jurisdiction depends on a showing that the defendant's activities in the forum state relate to or give rise to the underlying

---

[3] *Wilson v. Belin*, 20 F./3d 644. 646 (5th Cir. 1994).
[4] *Jones v. Petty-Ray Geophysical Geosource Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).
[5] *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).
[6] *Jones*, 954 F.2d at 1068.
[7] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)); *International Shoe Co.*, 326 U.S. at 317 (emphasis added).

4694093

controversy.[8]  In conducting a specific-jurisdiction analysis, courts focus on the relationship among the defendant, the forum, and the litigation.[9]  In other words, there must be a "sufficient nexus between the non-resident's contacts with the forum and the cause of action."[10]

As the name implies, general jurisdiction is broader than specific jurisdiction and refers to the state's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum.[11]  Because general jurisdiction is not related to events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate that the defendant is essentially "at home" in the forum state.[12]  Under *Bauman*, absent exceptional circumstances not present here, general jurisdiction is only available where a defendant is incorporated or has its principal place of business.[13]

A plaintiff bears the burden of establishing a trial court's jurisdiction over the defendant.[14]  A plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required.[15]   In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the complaint must be taken as true.[16]  The Court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[17]  All conflicts between the facts contained in the parties'

---

[8] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011).

[9] *Walden*, 134 S. Ct. at 1121; *see also Guardian Royal Exchange Assurance v. English China Clays*, 815 S.W.2d 223, 228 (Tex. 1991).

[10] *Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010).

[11] *Burger King v. Rudzewicz*, 471 U.S. 462, 43 n. 15 (1985).

[12] *Bauman*, 134 S. Ct. at 761.

[13] *Id.* at 760.

[14] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

[15] *Wien Air Alaska, Inc. B. Brandt, 195 F.3d 208,211 (5th Cir. 1990)*; *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

[16] *Gardemal v. Westin Hotel Co.,* 186 F.2d 588, 592 (5th Cir. 1999).

[17] *Spademan,* 772 F.2d at 1192.

4

affidavits and other documentation must be resolved in the plaintiff's favor.[18]   The Court is not, however, required to credit conclusory factual or jurisdictional allegations, even if uncontroverted.[19]

The Complaint here is unclear as to whether Plaintiff is claiming general or specific personal jurisdiction over MNA.  But the difference is immaterial because Plaintiff cannot carry her burden to prove either.  Accordingly, Plaintiff's claims against MNA should be dismissed.

C.      MNA Is Not Subject To General Jurisdiction In Texas

The Supreme Court's recent decisions in *Bauman* and *BNSF*[20] make clear that MNA is not amenable to general jurisdiction in Texas.  The critical question in assessing general jurisdiction is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[21]   The consequences of finding general jurisdiction are stark—a defendant will be subject to suit in that state for *any and all* claims, including claims that do not implicate the defendant's activities there.[22]   As a result, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction."[23]   For a corporation, the "paradig[m] . . . bases for jurisdiction" are "the place of incorporation and principal place of business," because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims."[24]

---

[18] *Cent. Freight Lines, Inc. v. APA Transp. Corp.,* 322 F.3d 376, 380 (5th Cir. 2003).
[19] *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001).
[20] *See BNSF Railway Co. v. Terrell*, 137 S. Ct. 1549, 1559 (2017).
[21] 134 S. Ct. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).
[22] *Id.* at 754 (emphasis added).
[23] *Id.* at 760.
[24] *Id.* (quotations omitted).

4694093

*Bauman* was a California case in against Daimler AG, a German company.[25]  Daimler's subsidiary, Mercedes-Benz USA (MBUSA), maintained several facilities and a regional headquarters in California, but the Supreme Court held that the California court lacked general personal jurisdiction over Daimler because "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there."[26]  To permit general personal jurisdiction by a California court would have meant that general personal jurisdiction "would presumably be available in every other State in which MBUSA's sales are sizeable," a proposition that the Supreme Court rejected.[27]  "Holding otherwise, the [Supreme] Court reasoned, would broadly and unfairly expose multi-state or multi-national corporations to [general personal] jurisdiction in many states."[28]

Following *Bauman*, federal courts around the country have come to the same conclusion in cases involving large companies with nationwide businesses like MNA.[29]  Directly on point here, the United States District Court for the Southern District of Mississippi in *Pitts* recently applied *Bauman* and concluded that general jurisdiction did not exist over a large product company

---

[25] 134 S. Ct. at 751.

[26] *Id.* at 761.

[27] *Id.*

[28] *George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1079 (D. Minn. 2013); *see also Lexicon Med. v. SurgiQuest, Inc.*, 8 F. Supp. 3d 1122, 1127-28 (D. Minn. 2014) (holding, based on *Bauman*, that sale of a product and regular service on that product did not establish general personal jurisdiction).

[29] *See Fabara v. GoFit, LLC*, 308 FRD 380 (D.N.M. 2015) (granting out-of-state defendant's motion to dismiss for lack of personal jurisdiction, concluding that even the "pervasive presence" of GoFit products on the shelves of New Mexico retailers "is not in and of itself the kind of activity that approximates physical presence within the state's borders") (internal quotation marks omitted); *Stroud v. Tyson Foods, Inc.*, Case No. 14-CV-3281 2015 U.S. Dist. LEXIS 29038 (E.D.N.Y. Mar. 10, 2015) (finding no general personal jurisdiction over out-of-state defendant even where it operated a manufacturing facility in the forum state because this contact was insufficient to establish it "at home" since it was one of hundreds of manufacturing plants the defendant operated nationwide); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 398 (D. Conn. 2014) (granting motion to dismiss for lack of personal jurisdiction for out-of-state defendant, despite the fact that defendant had employees working in the state, was leasing property in the state, had derived about $160 million in revenue in the state in recent years, and had paid corporate income tax in the state, because these contacts represented "only a small portion" of the defendant's overall business and finding these contacts were "less extensive and substantial" than those in *Bauman*).

6

in that state.[30]  In *Pitts*, the plaintiffs argued Mississippi had general jurisdiction over Ford Motor Company based on, among other things, Ford's registration and licensing to conduct business in Mississippi, its contracts with Mississippi dealers, its advertising efforts in Mississippi, and its appointment of a registered agent for service of process in Mississippi.[31]  Rejecting the assertion of general jurisdiction over Ford, the court observed:

> The record is clear that Ford is neither incorporated nor has its principal place of business in Mississippi.  The contacts that Plaintiffs have identified Ford as having with Mississippi demonstrate that Ford is at most 'doing business' in Mississippi, and those contacts do not reveal activities that are so 'continuous and systematic' as to render Ford 'at home' in Mississippi.[32]

The Supreme Court's holdings in *Bauman* and *BNSF* dictate that this Court similarly lacks general personal jurisdiction over MNA. MNA is a New York corporation with its principal place of business in South Carolina.  Those are the only states in which MNA is "at home," so those are the only states in which it is subject to general personal jurisdiction.[33]  Moreover, there is no other basis for asserting general jurisdiction over MNA in Texas.  *Bauman* makes clear that general jurisdiction may be exercised over a corporation outside of these two places only in an "*exceptional case.*"[34]  There are no "exceptional" facts about this case that render MNA "at home" in Texas, particularly because the Court further clarified that a corporation is not "at home" in "every State

---

[30] *Pitts v. Ford Motor Company*, 127 F. Supp. 3d 676 (S.D. Miss 2015).

[31] *Id.*

[32] *Id.* (quoting *Bauman*, 134 S. Ct. 746, 760-61 ("Plaintiffs would have us . . . approve the exercise of general jurisdiction in every [state] in which a corporation 'engages in a substantial, continuous, and systematic course of business.'  That formulation, we hold, is unacceptably grasping.")).

[33] *Bauman*, 131 S. Ct. at 761.

[34] 131 S. Ct. at 761 n. 19 (emphasis added).  As an example of such an "exceptional" case, the Supreme Court pointed to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), where a Philippine company had temporarily made Ohio its principal place of business.  *Bauman*, 131 S. Ct. at 756.  In contrast, Plaintiff does not attempt to plead that MNA has made its home in Texas and instead merely relies on the vague allegations that MNA is a foreign corporation and authorized to do business in Texas, (Complaint. ¶ 1.02), the very idea *Bauman* held insufficient to sustain the exercise of general personal jurisdiction.  *See Sonera Holding B.V. v. Cukurova Holdings A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) ("[*Daimler and Goodyear*] make clear that even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to register it at home in a forum.") (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 2888 (2014).

in which [it] engages in a substantial, continuous, and systematic course of business."[35]  As the

*BNSF* Court noted, "a corporation that operates in many places can scarcely be deemed to be "at

home" in all of them."[36]

In sum, Plaintiff's conclusory allegations in her Complaint that MNA does business in

Texas do not satisfy her burden and are insufficient to confer general jurisdiction in light of the

mandates of *Bauman* and *BNSF*.  Here, MNA is not "at home" in Texas and, accordingly, it is not

subject to general jurisdiction in this State.

D.      Plaintiff Does Not Allege, And Cannot Establish That MNA Is Subject
        To Specific Jurisdiction In Texas On Her Claims

Plaintiff also cannot establish specific jurisdiction over MNA in this case because she has

not specifically alleged, nor does MNA have, any case-related contacts with Texas.  Plaintiff's son

was riding in a vehicle which was allegedly equipment with a type of tire that MNA designed and

manufactured outside of Texas.  *See Wischhusen Aff. ¶ 7*.  Therefore, the <u>only</u> connection to Texas

is that the accident occurred here.  That fact, of course, has nothing whatsoever to do with MNA

or its conduct in Texas.

The Fifth Circuit applies a three-step analysis for the specific jurisdiction inquiry: (1)

whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely

directed its activities toward the forum state or purposefully availed itself of the privileges of

conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from

the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair

---

[35] *Id.* at 761-62.
[36] *See BNSF*, 137 S. Ct. 1549, 1559   (finding 2000 miles of rails and 2000 employees did not render corporation "at home" in forum state and as noted by the dissent, it is "virtually inconceivable that large multistate corporations will ever be subject to general jurisdiction in any location other than their principal places of business or of incorporation.)

4694093

and reasonable.[37]   If the plaintiff establishes the first two prongs, then the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable.[38]   Here, the second element of the three-prong test is visibly absent. A requirement for this Court's exercise of specific jurisdiction over MNA is a finding that the Plaintiff's claims against it "arise out of or relate to" MNA's contacts with Texas.[39]   As the Supreme Court explained in *Walden*, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'"[40]   The *Walden* court further clarified that "the defendant's suit-related conduct must create a *substantial connection* with the forum State."[41]   "[T]he plaintiff cannot be the only link between the defendant and the forum."[42] Moreover, "contacts between . . . third parties[] and the forum State" do not provide a sufficient basis for specific jurisdiction.[43]   Instead, the Supreme Court has emphasized that the non-resident defendant must take some action that purposefully "targets" the forum and that also gives rise to the lawsuit against it.[44]

Thus, merely placing a product in the stream of commerce resulting in a product ending up in the forum state is alone insufficient.[45]   The Fifth Circuit has applied a "but for" test for making

---

[37] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citation omitted).

[38] *Id.*

[39] *Spir Star AG v. Kimich*, 310 S.W.3d 868, 874 (2010).

[40] *Walden*, 134 S. Ct. at 1121 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

[41] *Id.* (emphasis added).

[42] *Id.   See also Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007) (holding that alleged misrepresentations by defendant to person located in Texas were too attenuated to the operative facts of plaintiffs' claims to justify assertion of specific jurisdiction over the defendant).

[43] *Id.* at 1122.

[44] *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. at 2788; *Burger King*, 471 U.S. at 474-75 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

[45] *See Irvin v. S. Snow Mgs. Inc*., 517 F. App'x 229, 231-23 (5th Cir. 2013) (reasoning that a stream-of-commerce theory, standing along, is too attenuated to satisfy the relatedness requirement of specific jurisdiction).

9

these determinations.[46] The "but for" test, as the name indicates, requires that the Plaintiff show her claim would not have arisen without the defendant's contacts with the forum state.[47]

*Eddy v. Printers House, Ltd*. is on point.[48]  There the plaintiff sued for an injury allegedly caused by a defect in a printing press.  The plaintiff's injury occurred in Texas.  The press had been manufactured in India and originally sold to a buyer in Mississippi who was not a distributor or retailer.  The Mississippi buyer subsequently sold the press to a third party who then sold it to its then current owner in Texas.  Under those facts, the Court held that the Texas court lacked jurisdiction over the defendant under a specific jurisdictional analysis.  The mere fact that the press ended up in Texas was insufficient since it arrived there through no intentional act taken by the defendant.[49]

This lawsuit concerns an automobile accident involving a tire that was designed and manufactured outside Texas.  Importantly, the only jurisdictional fact plead in the Complaint is a conclusory statement that MNA engages in general business in Texas.[50]  Nothing in the Complaint even attempts to tie that business to the subject accident. No tie can be made.  The operative facts related to MNA's alleged actions are the decisions and actions taken by MNA during its design and manufacture of the subject tire.  There are no allegations that those activities occurred in Texas. Instead, it appears that the tire was located in Texas solely due to the actions of third parties having no relationship to MNA.  Therefore, there is no relationship between MNA, Texas, and the Plaintiff's injuries, much less the substantial connection necessary to impose personal jurisdiction

---

[46] *See FMC Int'l A.G. v. ABB Lummus Glob., Inc.*, No. CIV.A.H-04-3896, 2005 WL 1745462, at *5 (S.D. Tex. July 22, 2005) (citing *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 n.21 (5th Cir. 1981)).
[47] *Breathwit Marine Contractors Ltd. v. DeLoach Marine Serv., LLC*, 994 F. Supp. 2d 845 (S.D. Tex. 2014) (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d at 318–20).
[48] *Eddy v. Printers House, Ltd.*, 627 Fed. Appx. 323 (5th Cir. 2015).
[49] *Id.* at 325.
[50] Complaint ¶ 1.02.

10

4694093

over MNA in this action under specific jurisdiction analysis.   Under these circumstances, there is no relationship between MNA, Texas, and the Plaintiff's injuries, much less the substantial connection necessary to impose personal jurisdiction over MNA in this action under specific jurisdiction analysis.

Nor does it make any difference that MNA has sold other tires in Texas.   As the Texas Supreme Court has explained, "[t]hat similar products were sold in Texas would not create a substantial connection as to products that were not."[51]   Plaintiff cannot show that her claims have a substantial connection to MNA's Texas activities, and therefore cannot show that specific jurisdiction over MNA is proper in Texas on her claims.

Under these facts, MNA has insufficient "minimum contacts" with the State of Texas to justify imposing jurisdiction over it in this action.   The assumption of jurisdiction by the Court over MNA would offend traditional notions of fair play and substantial justice, depriving MNA of due process as guaranteed by the constitution of the United States.

For the reasons set forth above, MNA respectfully requests that the Court decline to exercise jurisdiction over MNA and dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(2).

<u>ORIGINAL ANSWER</u>

Subject to its Motion to Dismiss and without waiver of same, MNA responds to the allegations of Plaintiffs' Original Complaint as follows:

---

[51] *Spir Star AG v. Kimich*, 310 S.W.3d 868, 875 (Tex. 2010).

4694093

A.      *Parties*

1.01-1.03.    MNA admits that it is a foreign business corporation organized and formed under the laws of the State of New York and that it regularly does business in the State of Texas. MNA denies that "B.F. Goodrich Company" is a wholly-owned subsidiary of MNA and states that "BFGoodrich" is a brand for certain MNA products.  MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 1.01 through 1.03 or they are legal conclusions to which no response is required.

B.      *Venue and Jurisdiction*

2.01-2.02.    MNA does not dispute venue.  MNA admits that it is a New York corporation with its principal place of business in South Carolina.  MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 2.01 through 2.02 or they are conclusions of law to which no response is required.  Except as expressly admitted herein, MNA denies any remaining allegations in Paragraphs 2.01 through 2.02.

C.      *Facts*

3.01    MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.01 and therefore denies them at this time.

D.      *Causes of Action*

4.01-4.08.    MNA states that it has not yet had an opportunity to inspect the subject tire and therefore denies all allegations regarding the subject tire at this time.  MNA admits that it is in the business of designing, in part, manufacturing, in part, and selling tires.  MNA denies all remaining allegations contained in Paragraphs 4.01 through 4.08.

4694093

E.      *Damages*

5.01-5.02.      MNA denies all liability to plaintiff.  Answering further, MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5.01 through 5.02 regarding the nature and extent of injuries and damages allegedly suffered by Plaintiff.

6.01.      MNA denies that plaintiffs are entitled to pre-judgment or post-judgment interest.

F.      *Jury Demand*

7.01.      MNA relies on plaintiff's jury demand.

G.      *Prayer*

MNA denies that plaintiff is entitled to the relief sought in her prayer. WHEREFORE, defendant Michelin North America, Inc. prays that plaintiff take nothing by this suit, that MNA have judgment for its costs in this proceeding, and that the Court grant MNA such other and further relief as the Court may deem just and proper.

<u>Statement of Affirmative Defenses</u>

MNA relies upon as many of the following affirmative defenses as may be applicable at trial:

1.      MNA alleges that the tire in question met or exceeded all applicable government standards.  As such, MNA is entitled to a presumption that it is not liable under a theory of strict products liability.

4694093

2.     MNA alleges that plaintiff's alleged damages were proximately caused by or, in the alternative, were solely proximately caused by the acts, omissions, or fault of the driver of the subject vehicle, Ervin Eugene Shepard, Jr.   The acts and/or omissions of Ervin Eugene Shepard, Jr. amounting to negligence include losing control of the vehicle in question and causing the accident in question.   The accident report further indicates that Mr. Shepard was operating the vehicle with an unrestrained minor, Plaintiff's decedent, in the vehicle.   MNA alleges that Ervin Eugene Shepard, Jr. is a responsible third party as that term is defined and used in sections 33.003, 33.004 and 33.011 of the Texas Civil Practice and Remedies Code.

3.     MNA alleges that plaintiff's claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by the failure of plaintiff's decedent, Liam Brown, to utilize available and functional safety restraint devices as required by the Texas Mandatory Seat Belt Law.   The same constitutes negligence *per se* and MNA requests that the jury be so instructed.

4.     MNA alleges in the alternative that plaintiff's alleged damages were proximately caused by or, in the alternative, were solely proximately caused by acts, omissions, or fault of third parties for whose conduct MNA is not in any way liable or responsible.

5.     MNA specifically pleads the provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility and requires that any damages be assessed in accordance with those provisions.

6.     MNA specifically pleads Chapter 82 of the Texas Civil Practices and Remedies Code dealing with design defects and requires plaintiff to meet her burden of proof with regarding to all claims of design defect as specified in Chapter 82.   Plaintiff must prove by a preponderance of the evidence that (1) there was a "safer alternative design," as that term is statutorily defined,

14

and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.  MNA requests that the jury be instructed on all statutorily required elements of a "design defect case."

7.     MNA asserts that plaintiff's recovery of medical or health care expenses incurred by limited to the amount actually paid or incurred by or on behalf of plaintiff and/or her decedent. Tex. Civ. Prac. & Rem. Code § 41.0105.

WHEREFORE, defendant Michelin North America, Inc. prays that plaintiff take nothing by this suit, that MNA have judgment for its costs in this proceeding, and that the Court grant MNA such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By:____/s/ Thomas M. Bullion III_____
        Thomas M. Bullion III
        tbullion@germer-austin.com
        State Bar No. 03331005
        Chris A. Blackerby
        cblackerby@germer-austin.com
        State Bar No. 00787091

ATTORNEYS FOR DEFENDANT
MICHELIN NORTH AMERICA, INC.

4694093

<u>CERTIFICATE OF SERVICE</u>

     This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 26, 2019:

James L. Mitchell
<u>Jim@PayneMitchell.com</u>
Payne Mitchell Law Group
3500 Maple Ave., Suite 1250
Dallas, Texas  75219


               /s/ Thomas M. Bullion III
               Thomas M. Bullion III/Chris A. Blackerby

4694093